**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM J. RANDOLPH,** | ) | |
| **ID # 250257,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-4810-B-BH** |
| | ) | |
| **COMERICA BANK, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to state a claim on which relief may be granted.

**I. BACKGROUND**

Plaintiff sues the defendants, Comerica Bank and Direct Express Debit Card (Defendants), under 42 U.S.C. § 1983 and federal banking regulations. Plaintiff claims that the defendants violated his civil rights and federal law because they did not close his Social Security benefits account when requested to do so. As a result, another individual removed $1149.00 from this account in January and February of 2009. (doc. 5 at 15; doc. 13 at 1-2; Magistrate Judge's Questionnaire Answer "MJQ Ans." 1-4).[1] He seeks to recover the amount removed from the account, as well as $150,000 in additional damages. (MJQ Ans. 5). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff, a prisoner in the Florida prison system, has been permitted to proceed *in*

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

"While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982).  Furthermore, under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

2

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. (MJQ Ans. 4).  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of consti-tutional norms." *Id.*  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).  Plaintiff does not allege that the defendants are state actors within the meaning of § 1983, however.  He alleges only that the defendants, who are clearly private companies and not state actors, did not close a bank account when he directed them to do so.

Plaintiff's § 1983 claim against the Defendants should be dismissed for failure to state a claim.

### IV. ELECTRONIC FUNDS TRANSFER ACT

In addition to asserting a claim under § 1983, Plaintiff also asserts that this Court has jurisdiction over this civil action because the Defendants are financial institutions subject to Regulation E § 205.11(B).  (MJQ Ans. 3).

Regulation E, codified at 12 C.F.R. § 205, was issued by the Federal Reserve System pursuant to the Electronic Fund Transfer Act (EFTA).  *See* 12 C.F.R. § 205.1.  Section 205.11 sets

forth the procedures banks must follow in resolving certain errors, including: 1) unauthorized and incorrect electronic fund transfers (EFTs); 2) the omission of an EFT from a periodic statement; 3) a computational or bookkeeping error made by the bank related to an EFT; and 4) the consumer's receipt of an incorrect amount of money from an electronic terminal, among other errors. 12 C.F.R. § 205.11(a).  Under the EFTA, a consumer must advise the financial institution of an error within sixty days to allow the institution to either correct the error or explain to him why there was no error. 15 U.S.C. § 1693f.  If an error is not corrected to a consumer's satisfaction, he may file a civil suit in any federal district court for actual and statutory damages within one year from the date of the violation. 15 U.S.C. § 1693m(a), (g).

Plaintiff claims that because his account was not closed as directed, Veronica Harvey made unauthorized electronic withdrawals from his account in January and February of 2009.  (MJQ Ans. 1, 2).  Under the EFTA, the statute of limitations began to run when the allegedly erroneous transfers were made, because that is when he had a complete and present cause of action.  *Wike v. Vertue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009), *citing Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997).  Even if Plaintiff contacted the Defendants within sixty days of the withdrawals as required by the EFTA, he filed suit in this Court almost five years after the electronic withdrawals occurred.  His EFTA claim, if any, is therefore barred by the statute of limitations.  Any claim based on the EFTA should therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## V.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 3rd day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.