IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM J. RANDOLPH, | ) | |
| ID # 250257, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-4810-B-BH |
| | ) | |
| COMERICA BANK, et. al, | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Civil Complaint and Lawsuit*, received on May 13, 2014. (doc. 24).  Based on the relevant filings and applicable law, the filing should be liberally construed as a motion for leave to amend or a motion for relief under Rule 60(b) and **DENIED**.

## I.  BACKGROUND

On December 10, 2013, the plaintiff filed a civil complaint, suing Comerica Bank and Direct Express Debit Card (Defendants), under 42 U.S.C. § 1983 and federal banking regulations.  Plaintiff claimed that the defendants violated his civil rights and federal law because they did not close his Social Security benefits account when requested to do so.  As a result, another individual removed $1149.00 from this account in January and February of 2009. (doc. 5 at 15; doc. 13 at 1-2; Magistrate Judge's Questionnaire Answer "MJQ Ans." 1-4).[1]  He sought to recover the amount removed from the account, as well as $150,000 in additional damages.  (MJQ Ans. 5).

On March 3, 2014, it was recommended that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (doc. 16.)  The plaintiff's objections to the

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

1

recommendation were received on March 25, 2014. (doc. 20.) On April 29, 2014, the Court accepted the recommendation, dismissed the plaintiff's complaint as frivolous, and entered judgment against him. (*See* docs. 22, 23). On May 6, 2014, the plaintiff mailed his amended complaint, which was received on May 13, 2014. (doc. 24.) It presents no additional argument and evidence in support of the plaintiff's civil case, and instead simply restates his claims against the defendants. (doc. 24 at 3-4).

## II. MOTION FOR LEAVE TO AMEND

The plaintiff's amended complaint is liberally construed as a motion for leave to amend his complaint.

A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Rule 59 or 60, and it should be denied unless a plaintiff clearly establishes that he could not raise the new evidence or argument prior to judgment. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Here, the plaintiff does not raise any new evidence or argument. Therefore, his post-judgment motion for leave to amend is therefore subject to denial, even if he could meet the requirements for relief under Rule 60.

Furthermore, for the same reasons, leave should be denied as futile. When a responsive pleading has not been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, and otherwise with either the opposing party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d

2

594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason*

to do so.  *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason

to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant,

if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure

deficiencies with prior amendment, or if the amendment is futile.  *Foman v. Davis*, 371 U.S. 178,

182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770

(5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In his filing, the plaintiff re-urges the same arguments against the same defendants that he

raised in his initial complaint.  It was dismissed because: (1) the defendants are not state actors

subject to suit under 42 U.S.C. § 1983; and (2) his claim under the Electronic Funds Transfer Act

was barred by the statute of limitations.  (*See* doc. 16.)  The plaintiff's amended complaint identifies

no additional arguments that would overcome the dismissal on these grounds.  Therefore, any

amendment would be futile and should be denied.  *See Parker v. Fisk*, 487 Fed. App'x 148 (5th Cir.

Aug. 22, 2012) (affirming the denial of a post-judgment motion to amend a complaint because the

proposed amended complaint was virtually identical to the initial complaint and, therefore, futile).

## III.   RULE 60(B) MOTION

Because the plaintiff's filing was mailed after judgment was entered in this case, this Court

may also construe it as a Rule 60(b) motion for relief from judgment. Rule 60(b) provides that, upon

motion, a court may relieve a party from a final judgment or order for the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with

reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

The plaintiff does not allege mistake or fraud, he does not assert that the judgment is void or that it has been reversed or vacated, and he does not assert newly discovered evidence.  The plaintiff has also not shown that he is entitled to relief from judgment under Rule 60(b)(6) for any other reason.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion under 60(b)(6): (1) that final judgments should not  lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

The plaintiff's amended complaint re-urges the same issues raised in his complaint, which was decided on its merits.  While he disagrees with the decision, he was given a fair opportunity to present all of his claims.  Furthermore, the plaintiff may appeal the judgment in this case if he so chooses.  He has therefore not shown that he is entitled to relief from the judgment.  Any Rule 60(b) motion should be denied.

## IV.  RECOMMENDATION

The plaintiff's *Civil Complaint and Lawsuit*, received on May 13, 2014. (doc. 24), whether construed as a post-judgment motion for leave to amend his complaint or a Rule 60(b) motion, should be **DENIED**.

**SIGNED this 16th day of May, 2014.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5